United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMEER ALGHUSAIN,<br>Plaintiff,<br>v.<br>CALTRAIN, et al.,<br>Defendants. | Case No. 25-cv-09670-JSC<br><br>**ORDER RE: MOTION FOR ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT**<br><br>Re: Dkt. No. 80, 91 |
| US RAIL SYSTEMS, INC. and SCOTT RICHARDS,<br>Counterclaim-Plaintiffs,<br>v.<br>AMEER AL GHUSAIN,<br>Counterclaim-Defendant. | |

Pending before the Court is Defendants' motion asking the Court to issue an Order to Show Cause why Plaintiff Ameer Alghusain should not be found in violation of the Court's March 30, 2026 preliminary injunction order, (Dkt. No. 80), and Plaintiff's administrative motion for counsel to appear remotely at the scheduled hearing. (Dkt. No. 91.) After carefully considering the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 8, 2026 hearing, DENIES the administrative motion as moot, and in the exercise of its discretion DECLINES to issue an order to show cause.

**DISCUSSION**

Earlier this year, Defendants moved for a preliminary injunction on their intentional interference with contractual relations claims as to Sound Transit. (Dkt. No. 15.) The Court concluded Defendants had demonstrated a likelihood of success on the merits given the record

United States District Court
Northern District of California

showed Plaintiff knew about Sound Transit's contract with US Rail Systems ("USRS") and there were at least serious questions regarding Plaintiff's knowledge that his emails would interfere with that contract. (Dkt. No. 42 at 8-9.) The Court also held USRS had shown Plaintiff's "outreach" to USRS's customers, like Sound Transit, would cause irreparable harm. (*Id.* at 10.) So, the Court enjoined Plaintiff from:

> a. Contacting or attempting to contact USRS employees for any purpose unrelated to a genuine offer of employment; and
>
> b. Contacting or attempting to contact USRS contractors/clients, Caltrain, Sound Transit, Dallas Area Rapid Transit, US High Speed Rail Association, Transit Services Inc., Jacobs, HNTB, Herzog Inc., Amtrak, and Siemens, for the purpose of asserting or implying that USRS stole, misappropriated, or is improperly using his or his company's intellectual property, including the trademark "US Rail" or "US Rail Systems."

(*Id.* at 18.) At the time the Court entered the preliminary injunction, Plaintiff was proceeding without attorney representation. (*Id.* at 1.)

Several months after the Court entered the preliminary injunction, on July 24, 2026, USRS publicly posted on LinkedIn that "US Rail Systems is proud to lead our PMCM Team at Sound Transit, supported by our expert subconsultants Arup, RailPros, th3rdcurve, PSM Associates, REJ Solutions, SORA Engineering, Red Team Go, Mammoth Associates and Zephyr Rail." (Dkt. No. 82-1 at 2.) On August 5, 2026, Plaintiff Alghusain sent an email to Defendants and one of those "subconsultants"—RailPros. (Dkt. 81-2 at 2.) The email was titled "FORMAL CEASE AND DESIST DEMAND—UNAUTHORIZED USE OF TRADEMARKS, SERVICE MARKS, AND INTELLECTUAL PROPERTY; LITIGATION HOLD NOTICE." (*Id.*) The email stated that Plaintiff is the owner of certain trademarks, demanded the email recipients cease and desist from unauthorized use of his marks, identified the litigation before this Court, and "estimate[d] damages in excess of $35,000,000." (*Id.* at 2-4.) At the time he sent the email, Mr. Alghusain was not represented by counsel. (*See* Dkt. No. 88-1 at 3.) Defendants contend this communication violated the preliminary injunction and warrants contempt sanctions in the amount of the fees incurred in bringing the motion. Defendants also seek an order imposing a conditional fine for each future preliminary injunction violation.

United States District Court
Northern District of California

As the party moving for contempt, Defendants bear the burden of "showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (cleaned up). Once that burden is met, the burden "shifts to the contemnors to demonstrate why they were unable to comply." *Id.*

> Civil contempt should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct. This standard reflects the fact that civil contempt is a severe remedy, and that principles of basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt.

*Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019) (cleaned up).

While the issue is close, the Court does not find that Mr. Alghusain's contempt has been established by clear and convincing evidence. Although the email supports a finding that Mr. Alghusain's "cease and desist" email accused USRS of improperly using his intellectual property, it was not the same type of communication that led to the injunction in the first instance. (*See* Dkt. No. 42 at 3.) Further, cease and desist letters are commonly used to protect trademark rights and the injunction did not explicitly advise Mr. Alghusain—who was not represented by counsel at the time—that he could not send cease and desist communications.

Moreover, Defendants do not contend the August 5, 2026 email caused them any actual damage; instead, they ask for their attorneys' fees in bringing this very motion. (Dkt. No. at 80 at 7.) And, they have not persuaded the Court imposing some undefined conditional penalty on any future violations as a coercive sanction is warranted given they allege a single violation and, importantly, Mr. Alghusain is now represented by counsel. As counsel notes, Mr. Alghusain's communications are not helpful to his case. (*See* Dkt. No. 88 at 4 ("The question is not whether that broad cease-and-desist demand was advisable . . . .").) So, the Court, in its discretion, declines to issue the order to show cause. *See Hallett v. Morgan*, 296 F.3d 732, 749 (9th Cir. 2002) ("A district court's decision to deny a motion for contempt is reviewed for abuse of discretion.").

## CONCLUSION

For the above reasons, the motion for an order to show cause re: civil contempt is DENIED. The Administrative Motion to appear at the hearing via Zoom is DISMISSED as moot.

United States District Court
Northern District of California

This Order disposes of Docket Nos. 80, 91.

**IT IS SO ORDERED.**

Dated: October 5, 2026

JACQUELINE SCOTT CORLEY
United States District Judge